UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

2026 ... :0 A 10: 45

Lisa Rena Henderson,

Plaintiff,                                                                2:26-cv-00462-MHT-CWB

v.

COMPASS GROUP USA, INC. (or proper employer name),

Defendant.

Case No.: _____ (to be assigned by Clerk)

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

I. INTRODUCTION

Plaintiff brings this action for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") and files this Complaint within the required statutory period.

II. PARTIES

Plaintiff is an individual residing in Alabama.

Defendant Compass Group USA, Inc. (or its operating division) employed Plaintiff at a hospital cafeteria location within Baptist East Hospital in Montgomery, Alabama.

Plaintiff's worksite was located at Baptist East Hospital, where Defendant operated and managed cafeteria services.

During Plaintiff's employment, Plaintiff reported to Chef Charley (manager), Ashley (secondary supervisor), and Jill (executive manager), all acting on behalf of Defendant at the Baptist East Hospital cafeteria location.

III. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff brings claims under Title VII of the Civil Rights Act of 1964.

Venue is proper in this district because all events giving rise to this action occurred within this judicial district at Baptist East Hospital in Montgomery, Alabama.

IV. STATEMENT OF FACTS

Plaintiff was employed by Defendant as a stocker at the hospital cafeteria located within Baptist East Hospital in Montgomery, Alabama. The cafeteria operations were managed by Defendant Compass Group USA, Inc.

During Plaintiff's employment, coworker Brianna informed Plaintiff regarding the handling of damaged or unsellable cafeteria items, including bottled drinks that were dented or not presentable for sale. Plaintiff specifically asked Brianna what should be done with these items. Brianna stated that such items could not be sold in the hospital cafeteria and that employees could either throw the items away or take them home. Plaintiff acted in good faith based on this instruction and began taking damaged goods home, believing this was permitted.

On Plaintiff's last day of work, Plaintiff was called into Chef Charley's office by secondary supervisor Ashley regarding allegations that Plaintiff had taken damaged goods home. Plaintiff explained that she had been told by Brianna that taking damaged goods home was permitted. Plaintiff met with Chef Charley and Ashley and was subsequently sent home.

Earlier that same day, Plaintiff reported a sensitive workplace racial issue to Jill, the executive manager at the Baptist East Hospital cafeteria location. Plaintiff had also previously reported the same issue through the Compass Careers hotline a few days earlier.

On the same day, Plaintiff requested additional work hours from Chef Charley. Chef Charley denied the request and stated concerns that Plaintiff was moving too slowly in her stocker position.

After being sent home, Plaintiff was required to provide a written statement regarding the damaged goods incident, which management characterized as theft.

Several days later, Plaintiff contacted Chef Charley regarding her employment status. Chef Charley stated that Plaintiff still had a job; however, Plaintiff was not placed on the work schedule thereafter.

Plaintiff followed up again with Chef Charley via text message regarding scheduling. Chef Charley indicated that Plaintiff would be placed back on the schedule.

The following day, executive manager Jill contacted Plaintiff requesting that she come to Baptist East Hospital for a meeting. Plaintiff was unable to attend that same day but agreed to meet the following day.

When Plaintiff met with Jill in person at Baptist East Hospital, Jill informed Plaintiff that she had spoken with Human Resources and that Plaintiff's employment was terminated.

V. CLAIM FOR RELIEF

COUNT I – Retaliation in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

Plaintiff engaged in protected activity under Title VII by reporting a workplace issue involving racial concerns to Defendant's executive manager and by reporting the same issue through Defendant's internal hotline.

Following Defendant's knowledge of Plaintiff's protected activity, Plaintiff was subjected to adverse employment actions, including removal from the work schedule, being required to provide a written statement regarding alleged misconduct, and termination of employment.

Plaintiff's termination occurred shortly after engaging in protected activity.

Upon information and belief, Plaintiff's protected activity was a motivating factor in Defendant's decision to take adverse employment actions against Plaintiff.

Defendant's actions constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

COUNT II – Mischaracterization of Conduct / Unjustified Termination

Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

Plaintiff acted in good faith based on instructions provided by a coworker regarding the handling of damaged cafeteria goods.

Plaintiff lacked intent to steal or violate workplace policy and relied on information provided within the workplace.

Defendant nevertheless characterized Plaintiff's conduct as theft and relied on this characterization as a basis for adverse employment action, including termination.

VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Judgment in favor of Plaintiff;

B. Compensatory damages for emotional distress and harm suffered;

C. Back pay and lost wages;

D. Reinstatement or front pay in lieu of reinstatement;

E. Attorney's fees and costs where applicable;

F. Any other relief the Court deems just and proper.

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

VIII. RESPECTFULLY SUBMITTED

Date: _6/8/26_

_____

Lisa Rena Henderson

PO Box 244024

Montgomery, AL, 36124

334-315-3576

lisahenderson023@gmail.com

Lisa Henderson
PO Box 244024
Montgomery, AL 36124

**Retail**



**RDC 99**

36104

U.S. POSTAGE PAID
FCM LG ENV
MONTGOMERY, AL 36119
JUN 08, 2026

**$1.66**

S2324A501203-10



UNITED STAT
OF AMERIC

FOREVER/

Clerk of Court
1 Church St.
B-110
Montgomery, AL 36104